# IN THE SUPREME COURT OF THE STATE OF DELAWARE

TIMOTHY HARRIS,[1]

    Respondent Below,
    Appellant,

    v.

DEPARTMENT OF SERVICES FOR
CHILDREN, YOUTH AND THEIR
FAMILIES/DIVISION OF FAMILY
SERVICES,

    Petitioner Below,
    Appellee,

    and

COURT APPOINTED SPECIAL
ADVOCATE,

    Appellee.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 43, 2015

Court Below—Family Court of
the State of Delaware in and for
New Castle County

File No. 14-10-01TN
Pet. No. 14-26935

Submitted: July 2, 2015
Decided: September 10, 2015

Before **VALIHURA, VAUGHN** and **SEITZ**, Justices.

## ORDER

This 10th day of September 2015, it appears to the Court that:

(1)    The appellant, Timothy Harris ("Father"), has appealed the Family Court's order dated January 6, 2015, terminating his parental rights in his daughter born in 2010

---

[1] By Order dated February 4, 2015, the Court assigned a pseudonym to the appellant. Del. Supr. Ct. R. 7(d).

and his son born in 2011 (collectively, the "Children").[2] Father's counsel ("Counsel") has filed an opening brief and a motion to withdraw under Supreme Court Rule 26.1(c).[3] Counsel asserts that he has made a conscientious review of the record and the law and can find no arguable grounds for appeal. In response to the Rule 26.1(c) brief filed by Counsel, Father has submitted points for the Court's consideration. The appellees, the Division of Family Services ("DFS") and the Court Appointed Special Advocate, have responded to Counsel's position and Father's points and have moved to affirm the Family Court judgment.

(2)     The record reflects that Father is a Tier II registered sex offender having been convicted in 2003 on four counts of unlawful sexual contact in the second degree for having sexual contact with a minor.[4] Father was incarcerated on a violation of probation during most of the underlying dependency/neglect and termination of parental rights proceedings.

(3)     DFS initiated dependency/neglect proceedings in October 2013 based on concerns that the Children were dependent and neglected in their mother's care. By *ex parte* order the Family Court granted emergency custody of the Children to DFS. At the preliminary protective hearing, and at each of the mandated review hearings that

---

[2] The Family Court also terminated the parental rights of the Children's mother. The Children's mother is not a party to this appeal.

[3] *See* Del. Supr. Ct. R. 26.1(c) (governing appeals without merit in termination of parental rights cases).

[4] On March 7, 2003, the Superior Court sentenced Father to eight years at Level V suspended after eighteen months for Level IV and probation. Father is currently incarcerated on a violation of probation and expects to be released in 2016.

followed, the Family Court found that the Children were dependent and continued custody with DFS.

(4)     In March 2014, DFS filed a "motion for no reasonable efforts" indicating the Department had elected not to provide reunification services to Father.[5] The Family Court granted the motion in April 2014.

(5)     In September 2014, DFS filed a petition to terminate Father's parental rights based on his felony convictions of offenses against a child[6] and his failure to plan adequately for the Children's physical needs or mental and emotional health and development.[7] The Family Court scheduled a termination of parental rights ("TPR") hearing for October 2014.

(6)     Father appeared with Counsel at the TPR hearing. At the outset of the hearing, Father submitted a written consent to the termination of his parental rights and asked to be excused from the remainder of the hearing. Before excusing Father and Counsel from the hearing, the Family Court conducted a colloquy on the record to ensure that Father understood the weight and effect of his decision to voluntarily terminate his parental rights.[8]

---

[5] *See* 13 *Del. C.* 1103(d) (providing in pertinent part that DFS is not required to perform reunification services when the grounds for terminating parental rights is the respondent's conviction of a felony level offense against a child).

[6] 13 *Del. C.* § 1103(a)(4)(a).

[7] 13 *Del. C.* § 1103(5).

[8] *See generally Wilson v. Div. of Family Serv.*, 988 A.2d 435 (Del. 2010) (discussing statutory requirements to conduct a colloquy on a consent to termination of parental rights).

(7)     In Delaware, termination of parental rights is based on a two-step statutory analysis.[9] First, the Family Court must determine whether there is clear and convincing evidence of a statutory basis for termination.[10] If the Family Court determines there is a statutory basis for termination, the Family Court must determine whether there is clear and convincing evidence that severing parental rights is in the best interest of the child.[11]

(8)     In Father's case, the Family Court concluded there was clear and convincing evidence of a statutory basis for terminating Father's parental rights by consent. Also, after thoroughly considering the best interest factors and making factual findings as to each, the Family Court found it was in the Children's best interests to terminate Father's parental rights.

(9)     This Court's review of a decision to terminate parental rights requires consideration of the facts and the law as well as the inferences and deductions made by the Family Court.[12] To the extent rulings of law are implicated, our review is *de novo*.[13] To the extent issues implicate rulings of fact, we conduct a limited review of the factual findings of the Family Court to assure that they are sufficiently supported by the record and are not clearly wrong.[14] This Court will not disturb inferences and deductions that

---

[9] 13 *Del. C.* § 1103(a).

[10] *Id. Shepherd v. Clemens*, 752 A.2d 533, 537 (Del. 2000).

[11] *See* 13 *Del. C.* § 722(a)(1)-(8) (listing best interest factors). *Powell v. Dep't of Serv. for Children, Youth & Their Families*, 963 A.2d 724, 731 (Del. 2008).

[12] *Wilson v. Div. of Family Serv.*, 988 A.2d 435, 439-40 (Del. 2010) (citing cases).

[13] *Id.* at 440.

[14] *Id.*

4

are supported by the record and the product of an orderly and logical deductive process.[15] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[16]

(10) In this case, having carefully considered the parties' submissions on appeal and the Family Court record, we conclude there is clear and convincing evidence supporting the Family Court's termination of Father's parental rights by consent and because termination was in the Children's best interests. Father's written consent for termination of his parental rights included all of the elements required by the governing statutes.[17] Nothing in the record suggests that Father misunderstood or misapprehended the nature and consequences of his consent.[18]

(11) Father's points on appeal do not contest his written or verbal consent to the termination of his parental rights. Rather, Father contends that he should have had supervised visitation with the Children when he was incarcerated and on probation, and he requests "some form of visitation and open adoption" with the Children. Father's contention is without merit, and his request is unavailing. Under the sentence imposed for his criminal convictions and as a condition of his probation, Father was not allowed to

---

[15] *Id.*

[16] *Id.*

[17] 13 *Del. C.* §§ 1106, 1106A (governing termination of parental rights by consent, consent requirements, and contents of consent to terminate and transfer parental rights).

[18] *Wilson v. Div. of Family Serv.*, 988 A.2d 435, 440 (Del. 2010) ("Generally, in evaluating the validity of an individual's consent, this Court must consider: first, whether it was 'the product of a free and deliberate choice' . . . and second, whether it was 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'") (citing *DeJesus v. State*, 655 A.2d 1180, 1192 (Del. 1995), *superseded by statute on other grounds*, quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986))).

have contact with any child, including the Children. In the written consent signed by Father, and in the colloquy with the Family Court, Father stated that he understood that he was giving up all rights in the Children. When parental rights are terminated, "the rights, duties, privileges, and obligations" between the person whose parental rights are terminated and the child "cease to exist."[19]

(12) This Court can discern no abuse of discretion in the Family Court's factual findings and no error in the court's acceptance of Father's written consent to terminate and transfer parental rights. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Father could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

Justice

---

[19] 13 *Del. C.* § 1113(a).

6